IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,<br><br>Plaintiff<br><br>v.<br><br>3V, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-00629-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO CROSS-COMPLAINT AND COUNTERCLAIM

COMES NOW the Cross-Defendant, 3V, Inc. ("3V"), by counsel, and for its Answer to the Cross-Complaint filed by Cross-Plaintiff CIBA Specialty Chemicals Corporation ("CIBA"), hereby answers each numbered paragraph of the Cross-Complaint with respectively numbered paragraphs as follows:

### FIRST DEFENSE

The Cross-Complaint filed by CIBA is barred and precluded by limitations and/or lack of jurisdiction by failure to timely file the claims noted in the Counterclaim.

### SECOND DEFENSE

1. Admitted.

2. Admitted.

3. Admitted as to the last two sentences, but denied as to the first sentence.

4. Cross-Defendant has only Cross-Plaintiff's representations as to the allegations of this paragraph of the Cross-Complaint and, to that extent, denies these allegations and leaves the Cross-Plaintiff to its proofs.

SL1 677291v1/101873.00001

5. Admitted as to all averments, except 899 Woodstock Street.

6. Admitted.

7. Upon information and belief, admitted as to all averments except denied as to European Application No. 95810042.2 filed January 23, 1995.

8. Admitted.

9. Admitted.

10. Upon information and belief, admitted.

11. Admitted.

12. Admitted as to averments in first sentence, but denied as to remaining averments of paragraph 12 of said Cross-Complaint.

13. This paragraph of the Cross-Complaint is a mere statement of representations by CIBA and, therefore, requires no answer. To the extent a response is required, these allegations are denied.

## COUNTS

14. Cross-Defendant admits that this is purportedly an action pursuant to 35 U.S.C. § 146 and C.F.R. § 304, but otherwise denies the averments of this paragraph of the Cross-Complaint.

15. Cross-Defendant incorporates by reference its hereinbefore and hereinafter responses to paragraphs 1 through 14, inclusive, of this Cross-Complaint, as if fully set forth herein.

16. That excluding item E, Cross-Defendant denies all averments in the Prayer for relief and denies all averments not heretofore specifically admitted.

SL1 677291v1/101873.00001

WHEREFORE, Cross-Defendant respectfully requests that the Court enter judgment in favor of Cross-Defendant and against Cross-Plaintiff, dismissing the Cross-Complaint and awarding Cross-Defendant its costs and attorneys' fees incurred in connection with this action, along with any other relief which the Court finds appropriate.

## COUNTERCLAIM

1.    This counterclaim arises under the patent laws of the United States, 35 United States Code, and seeks review to remedy a final decision dated July 27, 2006, of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office ("Board") in patent interference proceeding No. 105,262. This decision was partially adverse to Cross-Defendant 3V Inc., awarding judgment on priority of invention against Cross-Defendant, 3V, Inc., and in favor of Cross-Plaintiff, CIBA Specialty Chemicals Corporation.

2.    Review by this Court is specifically provided under 35 U.S.C. § 146 and 37 C.F.R. § 1.303. Jurisdiction of this action lies with this court under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.    This matter is timely brought in view of the decision of the Board entered on July 27, 2006. No appeal has been taken to the United States Court of Appeals for the Federal Circuit. Venue is proper in this district pursuant to § 1391 (b) and (c).

*The Parties*

4.      Cross-Defendant 3V, Inc. ("3V") is a Delaware corporation having a principal place of business at 888 Woodstock Street, Georgetown, South Carolina. 3V, Inc. is the assignee of all right, title and interest in U.S. Patent 5,658,973 (the " '973 Patent"), involved in the aforesaid interference. The '973 Patent names Giuseppe Raspanti of Bergamo, Italy, as inventor.

5.      Upon information and belief, Cross-Plaintiff CIBA Specialty Chemicals Corporation ("CIBA") is a corporation of the State of Delaware having a principal place of business located at 540 White Plains Road, Tarrytown, New York. CIBA may be served with process at the offices of its registered agent for service of process in Delaware, the Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808.

6.      Upon information and belief, CIBA is the assignee of all right, title and interest to the invention relating to "Synergistic Stabilizer Mixture" which is disclosed and claimed in U.S. Patent Application Serial No. 10/081,291, filed February 22, 2002 (the " '291 application"), which was accorded benefit of U.S. Application Serial No. 09/275,859, filed March 24, 1999, U.S. Application Serial No. 08/858,191, filed April 21, 1997, and U.S. Application Serial No. 08/588,164, filed January 18, 1996. The '291 application names Francois Gugumus as inventor.

*Interference Proceeding No. 105,262*

7.  On May 24, 2005, the Board declared Interference No. 105,262 between 3V, Inc. (assignee of Junior Party, Giuseppe Raspanti and owner of the '973 Patent, involved in the interference) and CIBA (assignee of Senior Party, Francois Gugumus and owner of U.S. Patent Application Serial No. 10/081,291).

8.  3V, Inc. has all right, title and interest in the '973 Patent, which issued on August 19, 1997, and is the real party in interest in the interference. A copy of the '973 Patent is attached as Exhibit 1.

9.  Upon information and belief, CIBA has all right, title and interest in the '291 application filed on February 22, 2002, and is the real party in interest as shown by papers filed by counsel for CIBA in the interference.

10. Count 1 of the interference reads as follows:

<u>Count 1</u>. A COMPOSITION according to claim 1 of Raspanti (5,658,973) comprising a compound a) and compound b) in a weight ratio of 1:1, wherein:

    a) is a compound of formula (X) of claim 4 of Raspanti where:
        r is 2 or 3,
        R in formula (III) is hydrogen and
        p is 2 to 20 and
    b) is a compound of formula (V) of claim 4 of Raspanti where:
        R is hydrogen or methyl,
        n is 1 to 10 and
        p is 2 to 50
or
a method for stabilizing synthetic polymers comprising the step of adding to a polyolefin an effective stabilizing amount of the COMPOSITION,
or
a stabilized polymer comprising a polyolefin and the COMPOSITION.

11. On July 27, 2006, the Board entered a final decision. In its final decision, the Board, among other things, erroneously, and contrary to law, denied 3V's Substantive Motion 3

5

and Substantive Motion 5 and erroneously, and contrary to law, granted CIBA's Responsive Motion 2.

12. On July 27, 2006, the Board entered a final decision in Interference No. 105,262 and erroneously, and contrary to law, denied 3V's Substantive Motion 3, seeking to declare CIBA's claims 16-27 as unpatentable under 35 U.S.C. § 135(b)(1). CIBA failed to present a claim to a composition comprising a compound having the structure of formula (X) as recited in claim 4 of the '973 Patent within one year from the issue date of the '973 Patent.

13. On July 27, 2006, the Board entered a final decision in Interference No. 105,262 and erroneously, and contrary to law, denied 3V's Substantive Motion 5, seeking pursuant to 37 C.F.R. § 41.12(a)(1)(ii) to change the benefit accorded for the contested subject matter in the interference. Later added claim 28, as well as claims 16-27, are not entitled to priority based upon any earlier filed application because the earlier filed applications do not "provide an enabling disclosure, of an invention encompassed by the Count, sufficiently to justify a finding of entitlement to priority."

14. On the same date in the same interference, the Board in its final decision erroneously, and contrary to law, granted CIBA's Responsive Motion 2 to add claim 28. CIBA failed to recite a definition of component e) in claim 28 that is based on the written description in the '291 application.

15. 3V preserves all the issues raised in these Motions as they relate to Count 1.

## COUNT 1

16. This is an action pursuant to 35 U.S.C. § 146 that 3V is entitled to certain patent claims in the '973 Patent.

6

17. 3V repeats and realleges the allegations contained in paragraphs 1-16, inclusive, as if fully set forth herein.

18. The decision of the Board in Interference No. 105,262 was erroneously entered, contrary to law, for all of the reasons stated in paragraphs 1-17 above.

WHEREFORE, CROSS-DEFENDANT prays that the Court grant:

A. Leave to introduce the record of Interference No. 105,262 before the Board and to take discovery and introduce additional evidence to supplement the record in this action;

B. *De novo* consideration of the Interference record, if introduced, and the supplemental evidence, by this Court with respect to the issues of patentability and priority as to Count 1 and other matters as referenced herein or which 3V asserts are related to this matter.

C. Judgment awarding priority to Cross-Defendant 3V with respect to Count 1.

D. Judgment ordering that (i) claims 16-27 of the '291 application are unpatentable under 35 U.S.C. § 135 (b)(1) and that (ii) claims 16-27 are not entitled to priority based upon any earlier application.

E. Judgment ordering that (i) claim 28 may not be added to the '291 application and, if added, that (ii) claim 28 is unpatentable under 35 U.S.C. § 135 (b)(1) and that (iii) claim 28 is not entitled to priority based upon any earlier application of Gugumus.

F. Judgment ordering that 3V is entitled to its '973 Patent containing all claims, that the Clerk of the Court shall issue a certified copy of said judgment for transmittal to the U.S. Patent and Trademark Office, and that the Director of the U.S. Patent

7

and Trademark Office shall be authorized to fully implement the contents of said order.

G.   Judgment ordering any further relief as may be equitable and/or appropriate in order to preserve the rights of 3V in all claims of the '973 Patent and to preserve the rights of 3V in any further proceedings on remand before the U.S. Patent and Trademark Office.

Dated: October 31, 2006                            STEVENS & LEE, P.C.


                                                   By:  */s/ Joseph Grey*
                                                   Joseph Grey (ID 2358)
                                                   1105 North Market Street, Seventh Floor
                                                   Wilmington, DE 19801
                                                   Telephone: (302) 654-5180
                                                   Telecopier: (302) 654-5181
                                                   E-Mail: jg@stevenslee.com


                                                   Raymond C. Stewart
                                                   Quentin R. Corrie
                                                   Birch, Stewart, Kolasch & Birch, LLP
                                                   8110 Gatehouse Road
                                                   Suite 100 East
                                                   Falls Church, VA 22040-0747
                                                   (703) 205-8000

                                                   *Counsel for the Defendant 3V, Inc.*

CERTIFICATE OF SERVICE

    I, Joseph Grey, hereby certify that, on this 31st day of October, 2006, and in addition to the service provided by the Court's MC/ECF system, I caused true and correct copies of the foregoing Answer to Cross-Complaint to be served on the Plaintiff by first class, United States mail, postage prepaid and addressed to Plaintiff's counsel as follows:

> Frederick L. Cottrell III Esquire
> Chad M. Shandler, Esquire
> Richards Layton & Finger
> One Rodney Square, 10th Floor
> P.O. Box 551
> Wilmington, DE 19899
>
> Alan E.J. Branigan, Esquire
> Brion Heaney, Esquire
> Michael Culver, Esquire
> Millen White Zelano & Branigan, P.C.
> 2200 Clarendon Boulevard
> Suite 1400
> Arlington, VA 22201

                /s/ Joseph Grey
                Joseph Grey

SL1 677291v1/101873.00001