IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 00593-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**CIBA'S RESPONSE IN OPPOSITION TO 3V'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Ciba Specialty Chemicals Corporation ("CIBA") respectfully submits this Response in Opposition to 3V's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and states as follows:

## INTRODUCTION

1. CIBA is astonished that 3V should ignore CIBA's counterclaim and cross compliant and move for dismissal of all three pending actions. CIBA agrees that the issues of priority of invention and invalidity of 3V's 5,658,973 patent are moot in view of 3V's disclaimer filed in the U.S. Patent Office by trial counsel for 3V on the morning of March 20, 2008. However, CIBA's counterclaim in Civil Action No. 06-00593-JJF and CIBA's cross-complaint in Civil Action No. 06-00629-JJF remain viable. Moreover, as set forth in CIBA's accompanying Motion for an Order to Show Cause, even if this court were deprived of subject matter jurisdiction, it would still retain jurisdiction to determine sanctions.

## BACKGROUND

2. The Patent Office Board of Appeals and Interferences ruled in Interference No. 105,262, that CIBA's assignor (Gugumus) was the first inventor of the count in Interference (and all claims subject to the Count). 3V appealed to this Court from that decision (Civil Action No. 06-00593-JJF). Also, in the same Interference, the Patent Office incorrectly held that CIBA's claims 16 - 27 from CIBA's application in Interference were not entitled to the benefit of CIBA's European priority application EP 95810042.2. CIBA's counter-claim in Civil Action 06-00593-JJF and CIBA's cross-complaint in Civil Action 06-00629-JJF appealed from that Patent Office decision which has little relationship to 3V's recently filed disclaimer. 3V has disclaimed the subject matter for which it had the burden of proof, but CIBA's burden of proof remains.

## DISCUSSION

3. CIBA's counterclaim and cross-complaint state that the Patent Office erroneously and contrary to law granted 3V's Motion for Judgment that CIBA's claims 16 - 27 were unpatentable over 3V's '973 patent. CIBA's pleadings assert that the Patent Office "...erroneously failed to recognize that the disclosure of the European Application, together with the knowledge of those skilled in the art at the time of the filing of the European Application, were sufficient to constitute a sufficient enabling written description of the subject matter of Gugumus claims 16 -27." (Cross-Complaint, Civil Action 06-00629-JJF) (D.I. #1).

4. Accordingly, CIBA's counterclaim and cross-complaint cannot be dismissed merely because 3V disclaims its patent claims. 3V's disclaimer does nothing to prevent its 5,658,973 from being used (albeit incorrectly) against CIBA's claims 16 - 27.

5. At trial, CIBA's witnesses will be prepared to treat those issues relating to its burden of proof; and, because CIBA and 3V are direct competitors in the subject matter remaining at issue, CIBA expects that electronic documents requested from 3V in discovery will have a bearing on CIBA's entitlement to the benefit of the priority of CIBA's European priority application EP 95810042.2.

6. 3V initiated these actions and cannot deny CIBA's access to its only remaining avenue of appeal from the incorrect decision of the U.S. Patent Office concerning CIBA's claims 16 - 27. Similarly, having initiated the captioned actions 3V cannot frustrate CIBA's counterclaim and cross-claim. In short, 3V's Motion to Dismiss must be denied at least as to Civil Actions 06-00593-JJF and 06-00629-JJF.

7. Moreover, as will be set forth in CIBA's Motion for Leave of Court to Serve Limited Discovery Relating to 3V's Disclaimer of All Patent Claims, it is clear

that 3V has not conducted its discovery in this case in good faith; and that 3V has possibly engaged in abuse of process. If the discovery sought from 3V confirms what the circumstances surrounding 3V's disclaimer presently reveal, CIBA will seek to have this case declared "exceptional" pursuant to 35 U.S.C. § 285 and move for reasonable costs and attorneys' fees.

                                                                           Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards Layton & Finger
One Rodney Square, 10th Floor
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Counsel for CIBA Specialty Chemicals Corporation*

*Of Counsel:*
Alan E.J. Branigan
Brion Heaney
Richard J. Traverso
Millen White Zelano & Branigan, P.C.
2200 Clarendon Boulevard
Suite 1400
Arlington, VA 22201
(703) 312-5305

Dated: April 14, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Joseph Grey
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, DE 19801

I hereby certify that on April 14, 2008, I sent the foregoing document by Federal Express, to the following non-registered participants:

### BY FEDERAL EXPRESS
Raymond C. Stewart
Quentin R. Corrie
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22040-0747

Chad M. Shandler (#3796)
shander@rlf.com