IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 00593-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |
| | | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |
| | | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

## DECLARATION OF ALAN E.J. BRANIGAN

Alan E.J. Branigan declares and states as follows:

        1.     I am trial counsel for CIBA Specialty Chemicals Corporation ("CIBA") in the captioned cases and have been involved in all three cases from the outset.

2.      I am a member in good standing of the Virginia Bar (among others); am admitted to practice in the United States District Court for the Eastern District of Virginia which is my home district;  have been admitted to practice in various other U.S. District Courts; United States Courts of Appeals; and, the United States Supreme Court. I am admitted to practice *pro hoc vice* in this case.

3.      Upon information and belief, CIBA, through March 31, 2008, has expended $818,137.13 in attorney fees; costs, and vendor expenses.

4.      My firm's fees and expenses to CIBA from February 2, 2008 through March 31, 2008, almost exclusively for discovery matters in the captioned cases, were $213,724.03.    Additional expenses, presently undetermined, were incurred by CIBA's electronic discovery vendor (Kroll-On-Track); local counsel; and, John T. Miller, Esq. who conducted settlement negotiations with 3V on behalf of CIBA.

5.      Between March 20, 2008 and March 28, 2008 CIBA expended $44,472.25 at just my firm alone in professional fees for meeting the March 28, 2008 deadline for completing CIBA's electronic discovery.    Additional, presently undetermined charges were incurred by Kroll-on-Track

6.      On August 9, 2007 the parties had a meet-and-confer and agreed to meet certain discovery obligations including electronic discovery. Exhibit A herewith is a non-letterhead copy of my memorandum of that meet and confer mailed to trial counsel for 3V who never questioned me on any of the matters set forth in that memorandum.

7.      As early as March 11, 2008 (see Exhibit B) CIBA advised 3V's trial counsel that CIBA was incurring hundred of thousands of dollars in electronic discovery expenses and that CIBA's trial counsel had five people working on the

2

production of electronic discovery documents for 3V. In fact, on the very next day (March 12, 2008) CIBA produced roughly 13,000 pages of documents to 3V -- many of them containing confidential subject matter.

8.    On the morning of March 20, 2008, 3V's trial counsel filed a disclaimer of all claims of 3V's U.S. patent 5,658,973 (the "973 patent") which was 3V's patent in the U.S. Patent Office Interference to which this case relates.

9.    3V's trial counsel did not serve CIBA with a copy of the Disclaimer.

10.    3V's disclaimer of its '973 patent claims meant it no longer had a burden of proof in the captioned cases. Hence, there was no point in CIBA continuing its electronic discovery efforts to provide documents to 3V. If 3V had advised CIBA of 3V's intent to disclaim its '973 patent claims, therefore, there would have been no need for CIBA to expend all of the funds required to complete electronic discovery for 3V's benefit.

11.    On March 21, 2008, (Exhibit C) the day after 3V filed its disclaimer, the same attorney that filed the disclaimer (3V's trial counsel) wrote that CIBA's latest settlement offer was being passed on to 3V, but said nothing about the disclaimer filed the day before.

12.    Similarly, on March 26, 2008 the same 3V attorney advised (Exhibit D) to the effect that settlement negotiations were through, but again failed to mention the prior filing of the disclaimer of the claims of the '973 patent.

13.    By March 20, 2008, the date 3V secretly filed its disclaimer in the U.S. Patent Office my firm was making a massive effort by eight attorneys, registered patent agents, and paralegals to review over 80,000 pages of electronic

documents for relevance, privilege, and confidentiality prior to producing them to 3V by the March 28, 2008 deadline.

14.    In a letter dated May 16, 2007 (Exhibit E) CIBA requested depositions of Messers. Guido Cesani, Kevin Blakely, Luigi Radaelli in connection with 3V's electronically stored information (ESI).

15.    On July 17, 2007, (Exhibit F) after 3V's present trial counsel took over the litigation on behalf of 3V, I emailed 3V's new trial counsel of the importance of electronic discovery in this case and the follow-up depositions.    On March 12, 2008 after being reminded again about CIBA's request to depose Messers. Guido Cesani, Kevin Blakely and Luigi Radaelli, 3V's trial counsel advised that their availability would be "immediately" looked into, but CIBA was never advised further on the matter.

16.    At the August 9, 2007 meet-and-confer CIBA expressed concern that 3V might have spoliated it's ESI (see Exhibit A).    As a result, 3V agreed to advise CIBA of the dates when 3V began to preserve ESI and when, if at all, 3V suspended automated deletion policies.    3V never provided that promised information. That same document notes 3V's agreement to give CIBA a keyword list to be used by CIBA in filtering CIBA's ESI.

17.    After not having heard anything from 3V about its key-word list in almost 6 months, in the beginning of February 2008 it became necessary for CIBA to further its electronic discovery efforts.    Hence, it authorized Kroll-on-Track to work on previously preserved hard drives and the like to develop a filterable, searchable data base of CIBA's relevant ESI.

4

18.    On March 3, 2008 CIBA could wait no longer for 3V's key word list and authorized Kroll-on-Track to use only CIBA's keyword list to filter CIBA's ESI.

19.    Upon being advised that the filtering operation resulted in over one million pages of documents, on March 7, 2008 a narrowing filtering operation was authorized.

20.    On March 10th 2008, seven months after it was promised, and only 18 days before electronic discovery had to be completed, CIBA finally received a 3V key-word list (by regular mail) described by 3V's counsel as "an initial list."

21.    In my March 11, 2008 email (Exhibit B) CIBA advised 3V that a separate, costly filtering operation against 3V's key-word list would be required. On March 13,2008 CIBA authorized Kroll-on-Track to conduct that filtering operation. Kroll-on-Track's fees for conducting that additional filtering operation were $5400. The resulting electronic documents were made available for review by CIBA's trial team on March 20, 2008 - - the very day that 3V filed its secret Disclaimer. It was the results of that filtering operation that resulted in the review efforts referred to in paragraph 13 above.

22.    The invention of this litigation has sometimes been referred to as a combination of "HA88" manufactured by 3V and "Tinuvin 622" manufactured by CIBA. A significant aspect of Interference No. 105,262 and this litigation, therefore, related to 3V's application for a Chemical Abstract Service (CAS) registry number for "Uvasorb HA88." When CIBA asked for production of those documents 3V responded that no such documents existed. At the August 9, 2007 meet and confer (Exhibit A), therefore, CIBA challenged 3V's response and asked that if 3V really did not have the documents 3V (but not CIBA) could obtain them from the Chemical

5

Abstract Service.  As noted in paragraph 6 of page 2 of Exhibit A, 3V agreed to provide those documents.  To date, however, CIBA has not provided those significant documents.

23.    CIBA has never received any electronic discovery from 3V.

24.    Being aware that willful false statements in the like so made are punishable by fine or imprisonment, or both under 18 U.S.C. §1001, I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true.

_____
Alan E. J. Branigan

Dated: April /4 , 2008

RLF1-3272366-1

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Joseph Grey
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, DE 19801

I hereby certify that on April 16, 2008, I sent the foregoing document by Federal Express, to the following non-registered participants:

Angelica M. Colwell
Nexsen Pruet, LLC
205 King Street, Suite 400
Charleston, SC 29401

Sara Centioni Kanos
201 W. McBee Avenue, Suite 400
Greenville, SC 29601

Chad M. Shandler (#3796)
shander@rlf.com

# EXHIBIT A

August 10, 2007

Sara Centioni Kanos, Esq.
Nexsen Pruet
201 W. McBee Ave.
Ste 400
Greenville, SC 29603-0648

               RE:     08-09-07 Meet-and-Confer

Dear Sara:

This is to memorialize the agreements we reached yesterday morning at our meet-and confer.

We advised that CIBA has preserved all relevant backup tapes; relevant individual personal computer data; relevant LAN data and instrument or lab data. You were not sure of the extent to which 3V has preserved corresponding electronically-stored information (ESI) and agreed to advise us of the dates when 3V began to preserve ESI and when, if at all, 3V suspended automated deletion or retention policies.

Both parties will use a date filter of January 1, 1995-to-present in reviewing ESI.

We have a key word list we will exchange with you as soon as we receive yours and, you will prepare Italian key words after we have exchanged our key word lists. In this respect, after speaking with you we reviewed our key word list with our ESI vendor and determined that we can probably shorten our list (and the expenses to both parties). Rich Traverso will do that, but he is presently out of the office. He will do it upon his return on the 13th.

Deduplication will be handled by the parties at the custodial level. That is, if John Doe's files have five copies of the **identical** email only one will be produced, but if both John Doe and Mary Doe have the identical email in their files, both will be produced. (As you noted, a string precludes an otherwise-produced email from being "identical.")

Except as noted below, all documents will be produced in TIFF format and will include all associated metadata and extracted text.

Sara Centioni Kanos, Esq.
August 10, 2007
Page 2

Spreadsheets and PowerPoint presentations over about 3 megabytes do not TIFF well. These should also be provided as TIFF images with Metadata and extracted text as above, but with an additional link to the native file. Databases such as Access, SQL, Oracle and proprietary databases will be searched for relevant data using the key words, and any reports generated by the search will be included in the document review process and produced as described above.

Kevin Blakely and David Canfield will confer on a specification sheet for the specific electronic load files that will be provided by each party to the other.

A privileged document log will, of course, be provided by the parties for each ESI document for which privilege is claimed.

We will check to see if relevant documents you have requested from CIBA are in German; and, if so, we will advise you and work something out so that you obtain all of the documents to which you are entitled.

In addition to the ESI matters we also had a meet and confer of other outstanding discovery. We advised that we were going to move for an Order that any of your answers to our Requests for Admissions that were neither admitted nor denied would be conclusively admitted. You agreed to review your responses to our Requests for Admissions promptly with a view toward updating responses which were neither admitted nor denied.

Concerning CIBA's document requests 11a-f relating to 3V's application for a Chemical Abstract Service Registry Number for UVASORB HA88 - - you agreed to provide those documents.

Concerning our May 17, 2007 letter to Ray Stewart about 3V's response to CIBA interrogatories 1-6, 9, 10, 19, and 22-28 et al. - -to meet our meet -and-confer obligations you will advise use in writing of your position on those matters so that we can prepare a motion on those things, if any, that you are not willing to provide.

We have three bank boxes of paper documents we have identified in response to 3V's document requests. Many of them are privileged, but we have not yet identified specific such documents in our privileged document log. We have also sent some of the documents back to CIBA for clarification. To avoid duplication and review time for all concerned we had thought to produce those documents at the same time as CIBA's electronic documents. You have strongly requested, however, that we produce identified paper documents as soon as possible - we will do that.

I believe our meet and confer yesterday was fruitful notwithstanding its having been by telephone.

Sara Centioni Kanos, Esq.
August 10, 2007
Page 3

     Hopefully, the above sets forth matters we agreed to yesterday.  If you believe there are additional matters of agreement, please let us know.

                        Very truly yours,

                        Millen White Zelano & Branigan, P.C.

                        Alan E. J. Branigan

AEB/jqs
K:\CIBA\2l\08-09-07 meet and confer letter V2.doc

# EXHIBIT B

**MILLEN, WHITE, ZELANO & BRANIGAN, P.C.**
LAW OFFICES

2200 CLARENDON BOULEVARD
SUITE 1400
ARLINGTON, VIRGINIA 22201

I. WILLIAM MILLEN
JOHN L. WHITE
ANTHONY J. ZELANO
JOHN R. MOSES
HARRY B. SHUBIN
BRION P. HEANEY
RICHARD J. TRAVERSO
ALAN E. J. BRANIGAN

PHONE: 703/243-6333
TELECOPIER: 703/243-6410
E-MAIL: MAIL@MWZB.COM

JOHN A. SOPP
JEFFREY R. COHEN
JEFFREY A. SMITH[1]
CSABA HENTER[3]
SCOTT J. MAJOR
MICHAEL S. CULVER
ADAM D. MANDELL
JENNIFER J. BRANIGAN[2]
SAGUN KC[1]

March 11, 2008

NEXSEN PRUET LLC
Attorneys and Counselors at Law
Attn: Angelica M. Colwell
205 King Street
Suite 400
Charleston, SC 29402

Dear Angelica:

This is in response to your March 6th letter which we received yesterday.

Firstly, please give our best wishes to Sara, her baby and her husband. As the father of eight, I look upon births as life-altering events.

We have been looking for your key-word list since our meet-and-confer in August of 2007. As indicated in our Jan 22 2008 letter, we could wait no longer and had our vendor run searches on our list so that we could get the resulting documents reviewed and produced by 3/28. Our vendor came up with 104 gigabytes of data which we were subsequently able to reduce to 40 gigabytes. The cost of this venture to Ciba, has been well into the hundreds of thousands of dollars. Just the electronic searches alone are $2,700 per gigabyte. If we are now separately to run 3V's key words we fully expect the court to order 3V to pay for that second round of searching.

Your letter that we received yesterday says you were enclosing a privileged document log, but no such attachment was received. In this respect, note that your privileged document log should have been produced way back when the Stewart firm was handling the case for 3V; and, that we asked for it at our meet-and-confer in August.

We have been working for many weeks on electronic discovery and expect to produce it by March 28th. We have five or our people working on it. We expect, of course, that 3V's electronic discovery will be completed at the same time. If not, we will move the court for a default, costs and attorney fees.

As noted during our August meet and confer, we are also going to move the Court for an order that our Requests for Admissions that were neither admitted nor denied nor properly objected to be conclusively admitted.

[1]MEMBER OF BAR OTHER THAN VA    [2]PATENT AGENT    [3]TECHNICAL ADVISOR

March 11, 2008
Page 2

At our meet and confer you also agreed to advise us of 3V's efforts to prevent spoliation of its ESI; the dates when 3V began to preserve ESI; and, when it suspended any automated deletion or retention policies. We have never received that information.

Just today we were advised that about three inches of additional CIBA paper documents have been located in response to 3V's document requests. They are being shipped to us where they will reviewed and either produced or placed on our Privileged Document log.

On May 16th, 2007 we asked to begin arrangements to depose Messrs Guido Cesani; Kevin Blakely; and Radaelli Luigi - - particularly relating to electronic discovery. We don't think those arrangements can be put off any longer. Insofar as we are aware 3V has never indicated a desire to depose any of Ciba's personnel.

We don't understand your reference to Ciba's key work list as being a moot point and your suggestion that electronic discovery might not be necessary. Electronic discovery is absolutely necessary; and, it would seen to us that Ciba's attached list is **vital** to 3V's electronic discovery efforts. Inasmuch as Ciba's electronic discovery has resulted in many, many more documents than its paper discovery, we expect that 3V's electronic discovery will do the same.

Concerning settlement, we are advised that Ciba expended quite some effort to prepare an agreement memorializing points to which the parties were thought to have agreed in principle, but that after substantial delays, 3V advised to the effect that it was no longer agreeable to much of anything. It does not appear to us, therefore, that a settlement is in the offing. Hence, we are proceeding as though that were the case.

Millen, White, Zelano & Branigan
Counsel for Ciba

By_____
Alan E.J. Branigan

# EXHIBIT C

**From:** Colwell, Angelica M. [mailto:AColwell@nexsenpruet.com]
**Sent:** Friday, March 21, 2008 10:11 AM
**To:** john.t.miller@att.net
**Cc:** Villamizar Joann LE US
**Subject:** Re: Settlement Proposal

John,

As I already indicated 3V has informed me that they have no interest in a settlement which requires this large an up front payment and royalty payments on top of that for third party activities. I will, however, pass this along and let you know 3V's reaction.

Lica

CONFIDENTIAL COMMUNICATION: The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or email immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated.

IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

**Exhibit D**

**From:** Colwell, Angelica M. [mailto:AColwell@nexsenpruet.com]
**Sent:** Wednesday, March 26, 2008 2:32 PM
**To:** john.t.miller@att.net
**Cc:** Villamizar Joann LE US
**Subject:** RE: Settlement Proposal

John,

3V has reviewed the proposal. They are not willing to settle on the terms CIBA has proposed. I was not given a counter proposal or any authority to negotiate further.

Lica

**Angelica M. Colwell**
Registered Patent Attorney
Nexsen Pruet, LLC
205 King Street, Suite 400
P.O. Box 486 (29402)
Charleston, SC 29401
Direct Dial: 843.720.1769
T: 843.577.9440, F: 843.414.8201
acolwell@nexsenpruet.com
*www.nexsenpruet.com*

# Exhibit E

**MILLEN, WHITE, ZELANO & BRANIGAN, P.C.**
LAW OFFICES
2200 CLARENDON BOULEVARD
SUITE 1400
ARLINGTON, VIRGINIA 22201

I. WILLIAM MILLEN
JOHN L. WHITE
ANTHONY J. ZELANO
JOHN R. MOSES
HARRY B. SHUBIN
BRION P. HEANEY
RICHARD J. TRAVERSO
ALAN E. J.BRANIGAN
JOHN A. SOPP

PHONE: 703/243-6333
TELECOPIER: 703/243-6410
E-MAIL: MAIL@MWZB.COM

JEFFREY R. COHEN
JEFFREY A. SMITH
CSABA HENTER
SCOTT J.MAJOR
DANIEL E. FISHER
MICHAEL S. CULVER
ADAM D. MANDELL
JENNIFER J. BRANIGAN
SAGUN KC

May 16, 2007

Ray Stewart, Esq.
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, VA 22042-1248

RE: Depositions of Messrs Guido Cesani; Kevin Blakely and Radaelli Luigi

Dear Ray:

We would like to depose the referenced individuals at our offices concerning E-discovery. We will be particularly interested in the electronic documents of and relating to Guiseppe Raspanti because we can no longer depose him.

We would like to schedule the requested depositions for shortly after we receive adequate responses to our Discovery requests.

Millen, White, Zelano & Branigan

By_____
Alan E.J. Branigan

# Exhibit F

## Alan Branigan

| | |
|---|---|
| **From:** | Alan Branigan |
| **Sent:** | Tuesday, July 17, 2007 11:46 AM |
| **To:** | 'Centioni, Sara A.' |
| **Cc:** | 'John Miller' |
| **Subject:** | RE: meet and confer for 3V vs. Ciba discovery |

Sara:

   This is to follow up on our telcon this morning and confirm a meet and confer date of Thursday August 2nd in our offices.

   It is because 3V's discovery responses have been so sparse that the need for electronic discovery and follow-up depos have become so important. Even if the Court grants your request for a discovery extension we must get moving to prepare our case for trial.

   We also need to get your privileged document list. 3V has made many claims of privilege and, if, as I gather, you are through with paper-document production, your privileged document list is past due.

   I realize, of course, that you are under pressure to get up to speed on the case and we are willing to work with you on that. You advised this morning, however, to the effect that you will be busy with other matters for the next two weeks; and, I'm not sure the court will find that to be acceptable.

   We look forward to seeing you on August 2nd and please let us know if there is anything we can do to assist you in getting up to speed.

                                                                    Al Branigan